IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN FRANCIS WHITE, III, a/k/a JEFF WHITE, <br><br>Plaintiff, <br><br>v. <br><br>COX LOGISTICS, L.L.C., a Texas Limited Liability Company; and CARLTON RAY CROSSLAND, an Individual, <br><br>Defendants. | Case No. CIV-14-846-D |

**O R D E R**

This matter comes before the Court on Plaintiff's Motion for Remand and Brief in Support [Doc. Nos. 6-7]. Defendants have filed a response [Doc. No. 12] and Plaintiff has filed a reply [Doc. No. 13]. Also pending before the Court is Defendants' Application for Leave to File a Surreply [Doc. No. 14].

**I.     Background**

Plaintiff alleges in this action that he was injured as a result of an automobile collision with Defendant Carlton Ray Crossland (Crossland). At the time of the accident, Defendant Crossland was driving a truck and trailer owned by, or leased to, Defendant Cox Logistics, L.L.C. (Cox).

Plaintiff originally filed this suit in the District Court of Alfalfa County, State of Oklahoma. Plaintiff contends that he agreed to extend the time within which Defendants were required to answer or otherwise respond to the state court petition on the condition that Defendants would not remove this action to federal court. Plaintiff seeks a remand of this action to state court asserting that Defendants waived their right to remove the action. Plaintiff further moves for remand on grounds Defendants have failed to meet their burden of establishing complete diversity of citizenship.

In response, Defendants contest Plaintiff's assertion that they have waived their right to remove this action and Defendants maintain that no such waiver has occurred. Defendants further contend they have satisfied the requirements for diversity jurisdiction.

## II.  Discussion

### A.  Waiver of the Right of Removal

Defendants removed this action to federal court pursuant to 28 U.S.C. §§ 1441(b) and 1446. Typically, a waiver of this statutory right to remove may arise in two circumstances. First, parties may contractually agree to waive the right to remove a case to federal court by means of, for example, a forum selection clause. *See, e.g., American Soda, LLP v. United States Filter Wastewater Group, Inc.*, 428 F.3d 921, 927 (10th Cir. 2005). Second, the defendant's conduct in the course of the state court litigation may establish waiver where the defendant takes "substantial defensive action" or seeks an adjudication on the merits. *See, e.g., Schoen v. Presbyterian Health Plan, Inc.*, Case Nos. Civ-08-0678 and 08-970 JOB/WBS, 2009 WL 1299680 at *6 (D. N.M. Feb. 19, 2009) (unpublished op.) (*citing Aqualon Co. v. Mac Equipment, Inc.*, 149 F.3d 262, 264 (4th Cir. 1998)); *Propane Resources Supply and Marketing, L.L.C. v. G.J. Creel & Sons, Inc.*, 2013 WL 1446784 at * 2-3 (D. Kan. April 9, 2013) (unpublished op.). Under either of these circumstances, however, a waiver of the statutory right of removal must be clear and unequivocal. *See Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir.1992) (addressing forum selection clause); *see also Aqualon*, 149 F.3d at 264 (addressing course of conduct).

Here, Plaintiff's basis for contesting removal on grounds of waiver does not fit squarely within either of the typical circumstances. Moreover, the Court is presented with conflicting factual accounts as to what transpired regarding the issue of waiver.

2

In support of his contention that Defendants have waived the right of removal, Plaintiff submits the affidavit of his counsel, Sam L. Stein [Doc. No. 6-1]. Mr. Stein addresses an August 1, 2014, telephone call with Christina Weinfeld, a Senior Claims Adjuster for Hallmark Specialty Underwriters, Inc., Defendants' insurer. Mr. Stein alleges that during this telephone call he agreed to extend the deadline within which Defendants were required to answer or otherwise respond to the state court petition (August 4, 2014) if Defendants agreed not to remove the case to federal court. Mr. Stein relies on an email he sent to Ms. Weinfeld following their telephone call. The email states:

> This email confirms our telephonic conversation just moments ago wherein I agreed to allow a two week extension for you to cause to be filed an Answer or other responsive pleading to the Plaintiff's Petition on file in Alfalfa County. . . . In consideration for me so agreeing to this extension, you agree that in the event the case cannot be settled within the same two week period of time, you or lawyers you might hire to defend your insureds, will not remove this action to federal court. As your Answer to the state court action is due on Monday August 4th, this extension will allow you until close of business on Monday August 18th to file your Answer or other responsive pleading in the described litigation here in Alfalfa County. . . .
> *Please confirm our agreement by reply email, as to the extension to Answer and covering the non-removal of this case*.

*See* email correspondence dated August 1, 2014 [Doc. No. 6-1 at ECF p. 6] (emphasis added).

In responding to Plaintiff's Motion, Defendants submit the Affidavit of Ms. Weinfeld [Doc. No. 12-1]. In her affidavit, Ms. Weinfeld denies that she reached an agreement with Mr. Stein as to non-removal during their August 1, 2014, telephone conversation. Ms. Weinfeld states that during the telephone call she advised Mr. Stein that she "did not possess authority to agree to such a request" and that "[n]o further communication from [her] end occurred." *See id*. ¶ 3. Ms. Weinfeld expressly denies that she agreed to waive the right to remove or that she had authority to do so. *See id*., ¶¶ 3, 5-6. Furthermore, Ms. Weinfeld states in her affidavit that counsel had not yet

3

been retained on behalf of Defendants at the time of the August 1, 2014, conversation with Mr. Stein. *See id*., ¶ 8.

Setting aside issues of Ms. Weinfeld's authority to waive Defendants' statutory right of removal, a clear and unequivocal wavier of the right to remove is not presented on the facts before the Court. The recapitulation of the substance of the telephone conversation drafted *by Mr. Stein* in his email, does not equate to a clear and unequivocal waiver *by or on behalf of the Defendants*. Notably, Mr. Stein's email requests that Ms. Weinfeld confirm the agreement by reply email. The record is void of any such confirmation. Moreover, Defendants took no action in state court prior to filing the notice of removal.[1] Absent any other evidence to demonstrate a clear and unequivocal waiver of Defendant's statutory right of removal, Plaintiff's Motion is denied.

**B.     Diversity of Citizenship**

Plaintiff also moves for remand on grounds that Defendants have failed to establish the requirements for diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff exclusively relies upon the fact that Defendant Cox did not contemporaneously file its Corporate Disclosure Statement in accordance with the Court's local rules, *see* LCvR 7.1.1, requiring Defendant Cox to affirmatively state whether any of its members or partners are citizens of Plaintiff's state of citizenship. Plaintiff's claim is without merit. Plaintiff's state court petition [Doc. No. 1-1] as well as the Notice of Removal [Doc. No. 1] each allege facts establishing diversity of citizenship and the requisite amount in controversy. Moreover on August 14, 2014, Defendant Cox filed its Corporate Disclosure

---

[1] In *Aqualon*, the Fourth Circuit held that a defendant may waive the right to remove by taking some "substantial defensive action in the state court before petitioning for removal." *Id*. at 264. Defendants did not file answers or otherwise respond in state court, but instead proceeded with filing the Notice of Removal in this Court on August 11, 2014. Defendants filed their answers in this Court on that same date. *See* Fed. R. Civ. P. 81(c)(2)(C). Where, as here, removal precedes any action taken by the defendants in state court, "waiver by conduct does not exist." *Aqualon*, 149 F.3d at 264.

4

Statement [Doc. No. 8] and identified Texas as the residence of its principals. Thus, Plaintiff's Motion is also denied as to this ground.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand [Doc. No. 6] is DENIED.

IT IS FURTHER ORDERED that Defendant's Application for Leave to File Surreply [Doc. No. 14] is DENIED.

IT IS SO ORDERED this 23rd day of September, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE